# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50011 | **DATE** | 6/17/2008 |
| **CASE TITLE** | Leach vs. SBM Maintenance Contractor Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion to Appoint Counsel is granted in part.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff has filed an employment discrimination case under Title VII, alleging that his employer failed to promote him due to his color and race. The court denied plaintiff's application for leave to proceed in forma pauperis on 2/1/08. Plaintiff has since paid the filing fee but struggled to find an attorney willing to take his case. The time to effect service of process against the defendant is slated to expire on 8/28/08. Currently before the court is plaintiff's motion for appointment of counsel.

    Civil litigants do not have a constitutional or statutory right to counsel in federal court. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, a plaintiff who is unable to afford counsel may request that the court appoint counsel for them pursuant to 28 U.S.C. § 1915(e)(1). The court must be satisfied that the plaintiff has made reasonable efforts to retain private counsel and was unsuccessful in doing so before it will entertain such a request. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Once the plaintiff makes this preliminary showing, it is then discretionary on the part of the court whether the request should be granted. *See Johnson*, 433 F.3d 1006.

    The financial affidavit submitted in support of plaintiff's motion for appointment of counsel demonstrates that Claimant is unable to afford counsel on his own. It also appears that plaintiff has made some effort to retain private counsel and was unsuccessful in doing so. (See dkt # 22).

    Therefore, the court must exercise its discretion in determining whether counsel should be appointed. According to Local Rule 83.36, the court is to take the following into consideration when determining whether appointment of counsel is necessary: (1) the potential merit of the claims as set forth in the pleadings; (2) the nature and complexity of the action, both factual and legal, including the need for factual investigation; (3) the presence of conflicting testimony calling for a lawyer's presentation of evidence and cross-examination; (4) the capability of the *pro se* party to present the case; (5) the inability of the *pro se* party to retain counsel by other means; (6) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and (7) any other factors deemed appropriate by the judge.

    At this stage of the litigation the court does not have sufficient information to fully balance all of the interests to determine whether appointment of full counsel is warranted. In order to aid the court in making that analysis, the court has the option to appoint stand-by counsel for plaintiff. Stand-by counsel are not compensated by the government for their services and do not take the laboring oar for plaintiffs. Rather,

**STATEMENT**

stand-by counsel act as a legal resource to aid plaintiff in effecting service of process and in developing plaintiff's case.

Pursuant to his duty to accept appointments as a member of the Trial Bar, the court hereby appoints as stand-by counsel Robert C. Pottinger of Barrick Switzer, et al., 6833 Stalter Drive, 1st Floor, Rockford, IL 61108, (815) 962-6611. (See Local Rule 83.11(g)). Plaintiff is advised that the court expects plaintiff's full cooperation with stand-by counsel. The court reserves the right elevate Mr. Pottinger to full counsel at plaintiff's request at a later date if the factors set forth above warrant doing so. The court advises counsel that the pleadings are available on the court website at www.ilnd.uscourts.gov. Stand-by counsel and plaintiff are to receive copies of all matters filed with the court henceforth. The status hearing currently slated for 7/23/08 stands.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50011 | **DATE** | 6/17/2008 |
| **CASE TITLE** | Leach vs. SBM Maintenance Contractor Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion to Appoint Counsel is granted in part.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

 Plaintiff has filed an employment discrimination case under Title VII, alleging that his employer failed to promote him due to his color and race. The court denied plaintiff's application for leave to proceed in forma pauperis on 2/1/08. Plaintiff has since paid the filing fee but struggled to find an attorney willing to take his case. The time to effect service of process against the defendant is slated to expire on 8/28/08. Currently before the court is plaintiff's motion for appointment of counsel.

 Civil litigants do not have a constitutional or statutory right to counsel in federal court. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, a plaintiff who is unable to afford counsel may request that the court appoint counsel for them pursuant to 28 U.S.C. § 1915(e)(1). The court must be satisfied that the plaintiff has made reasonable efforts to retain private counsel and was unsuccessful in doing so before it will entertain such a request. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Once the plaintiff makes this preliminary showing, it is then discretionary on the part of the court whether the request should be granted. *See Johnson*, 433 F.3d 1006.

 The financial affidavit submitted in support of plaintiff's motion for appointment of counsel demonstrates that Claimant is unable to afford counsel on his own. It also appears that plaintiff has made some effort to retain private counsel and was unsuccessful in doing so. (See dkt # 22).

 Therefore, the court must exercise its discretion in determining whether counsel should be appointed. According to Local Rule 83.36, the court is to take the following into consideration when determining whether appointment of counsel is necessary: (1) the potential merit of the claims as set forth in the pleadings; (2) the nature and complexity of the action, both factual and legal, including the need for factual investigation; (3) the presence of conflicting testimony calling for a lawyer's presentation of evidence and cross-examination; (4) the capability of the *pro se* party to present the case; (5) the inability of the *pro se* party to retain counsel by other means; (6) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and (7) any other factors deemed appropriate by the judge.

 At this stage of the litigation the court does not have sufficient information to fully balance all of the interests to determine whether appointment of full counsel is warranted. In order to aid the court in making that analysis, the court has the option to appoint stand-by counsel for plaintiff. Stand-by counsel are not compensated by the government for their services and do not take the laboring oar for plaintiffs. Rather,

**STATEMENT**

stand-by counsel act as a legal resource to aid plaintiff in effecting service of process and in developing plaintiff's case.

Pursuant to his duty to accept appointments as a member of the Trial Bar, the court hereby appoints as stand-by counsel Robert C. Pottinger of Barrick Switzer, et al., 6833 Stalter Drive, 1st Floor, Rockford, IL 61108, (815) 962-6611. (See Local Rule 83.11(g)). Plaintiff is advised that the court expects plaintiff's full cooperation with stand-by counsel. The court reserves the right elevate Mr. Pottinger to full counsel at plaintiff's request at a later date if the factors set forth above warrant doing so. The court advises counsel that the pleadings are available on the court website at www.ilnd.uscourts.gov. Stand-by counsel and plaintiff are to receive copies of all matters filed with the court henceforth. The status hearing currently slated for 7/23/08 stands.